UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
YVONNE DAVIS, individually and as Legal Guardian of :
O.C., et al., :
:
                                 Plaintiffs, :        22-CV-8184 (JMF)
:
              -v- :        OPINION AND ORDER
:
DAVID C. BANKS, in his official capacity :
as Chancellor of New York City Department :
of Education, et al., :
:
                                 Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiffs are ten parents or legal guardians of children with disabilities who have obtained administrative orders pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, requiring the New York City Department of Education ("DOE") to pay for all or part of their private school tuition and associated costs. They brought this action to compel the DOE and affiliated Defendants (together, the "DOE") to provide funding, pursuant to "pendency orders" in the underlying administrative proceedings, for their children to attend the International Institute for the Brain (a private school commonly referred to as "iBRAIN") for the 2022-23 school year. *See* ECF No. 10 ("Compl."). At this point, only two discrete disputes remain: (1) whether one student, K.T., is entitled to pendency services for the 2022-23 school year despite having turned twenty-one in December 2021; and (2) whether the DOE is obligated to reimburse each Plaintiff for all transportation costs incurred pursuant to his or her contract with the transportation provider or only for services actually provided. *See* ECF

No. 30.[1]  Plaintiffs move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on both issues.  See ECF No. 36; see also ECF No. 39 ("Pls.' Mem.").  For the reasons that follow, the Court holds that the DOE is obligated to comply with K.T.'s Pendency Order without regard for K.T.'s age because the DOE did not appeal from that Order and it is thus final; that for four students, the language of the relevant orders requires DOE to pay only for transportation services actually provided; and that for the other six students, the language of the relevant orders is unclear and it is thus appropriate to remand for clarification.

## BACKGROUND

"Congress enacted the IDEA to promote the education of students with disabilities." *A.M. ex rel. Y.N. v. N.Y.C. Dep't of Educ.*, 964 F. Supp. 2d 270, 274 (S.D.N.Y. 2013) (internal quotation marks omitted).  The statute requires any state receiving federal funds to provide disabled children between the ages of three and twenty-one with a free appropriate public education ("FAPE").  See *R.E. ex rel. J.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 174-75 (2d Cir. 2012); *Mrs. C v. Wheaton*, 916 F.2d 69 (2d Cir. 1990) (noting that under the IDEA, "a [disabled individual] does not have a right to demand a public education beyond the age of twenty-one"); N.Y. Educ. Law § 4402(1)(a) (providing that each school district must ascertain "the number of children with handicapping conditions in such district under the age of twenty-one years").  To that end, school districts are required to "create an individualized education program ('IEP') for each such child" with disabilities.  *R.E.*, 694 F.3d at 175 (citing 20 U.S.C. § 1414(d)); see *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 197 (2d Cir. 2002) (Sotomayor, J.).  "Should a parent believe that the school district breached these IDEA

---

[1]     A third dispute — whether one student, O.C., was entitled to a $1,130 payment for certain nursing services — has since been resolved.  See ECF No. 44 ("Defs.' Mem."), at 9 n.4.

duties by failing to provide their disabled child a FAPE, the parent may unilaterally place their child in a private school at their own financial risk and seek tuition reimbursement." *M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 135 (2d Cir. 2013); *see also Sch. Comm. of the Town of Burlington v. Dep't of Educ.*, 471 U.S. 359, 373-74 (1985).

To begin the tuition-reimbursement process, a parent must file a "due-process complaint" or "DPC," which triggers an administrative-review process. *See M.W.*, 725 F.3d at 135 (citing 20 U.S.C. § 1415(b)(6), (f); N.Y. Educ. Law § 4404(1)). If a parent files a DPC, and the school district does not promptly remedy the alleged deficiencies, the IDEA requires the state to provide an impartial due process hearing before an impartial hearing officer ("IHO"). *See R.E.*, 694 F.3d at 175 (citing 20 U.S.C. § 1415(f)). An IHO's decision "shall be based solely upon the record of the proceeding before the impartial hearing officer . . . . The decision shall reference the hearing record to support the findings of fact." N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(5)(d)(v). If dissatisfied with the IHO's ruling, either party may appeal the case to a state review officer ("SRO"). *R.E.*, 694 F.3d at 175 (citing N.Y. Educ. Law § 4404(2)). After exhausting administrative remedies through this process, either party may bring a civil action in state or federal court to review the SRO's decision. *See id.* (citing 20 U.S.C. § 1415(i)(2)(A)). An administrative order that is not appealed "shall be final." 20 U.S.C. § 1415(i)(1).

Most relevant for present purposes, the IDEA requires the state to "maintain the educational status quo while the parties' dispute is being resolved." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015) (internal quotation marks omitted); *accord Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020). Specifically, the IDEA's "stay-put" or "pendency" provision states that, "unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement."

20 U.S.C. § 1415(j); *see also* 34 C.F.R. § 300.518. The provision is designed to ensure that the school district "continue[s] funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." *Doe*, 790 F.3d at 452 (internal quotation marks omitted). Where, as here, a parent alleges a violation of the stay-put provision, the parent "need not exhaust their administrative remedies. Were exhaustion required, it would defeat the purpose behind the stay-put provision, which determines the child's interim placement during the pendency of administrative proceedings." *Cosgrove v. Bd. of Educ. of Niskayuna Cent. Sch. Dist.*, 175 F. Supp. 2d 375, 384-85 (N.D.N.Y. 2001) (internal quotation marks omitted).

Plaintiffs here are parents or legal guardians of ten disabled students — one of whom, K.T., turned twenty-one in December 2021. *See* ECF No. 45 ("Pls.' 56.1 Counter-Stmt."), ¶¶ 1-12. All of them enrolled their children in iBRAIN and, in connection with that enrollment, entered into contracts with Sisters Travel and Transportation Services, LLC ("Sisters"), a specialized transportation service, pursuant to which they were required to pay certain amounts per month for transportation to and from iBRAIN. *See id.* ¶ 13; *see also, e.g.*, ECF No. 38-1. In July 2022, each Plaintiff filed a DPC that, as relevant here, sought pendency placement at iBRAIN for the 2022-23 school year. *See id.* ¶ 14; *see* Pls.' Mem. 4. In each instance, an IHO issued either or both a Findings of Fact and Decision ("FOFD") or a Pendency Order ("PO") holding that iBRAIN was a proper pendency placement and ordering the DOE to pay tuition and certain associated costs. *See* Pls.' 56.1 Counter-Stmt. ¶ 15. Critically, the precise language of Plaintiffs' FOFDs and POs varies, but, as relevant here, they broadly fall into two, or possibly three, categories. For three students — M.G., A.L., and S.H. — the relevant orders provide, in pertinent part, that the parent or guardian is to be reimbursed for transportation services "actually

provided." ECF No. 42-4, at 19 (M.G.); *accord* ECF No. 42-2, at 18 (A.L.); ECF No. 42-19, at 5 (S.H.). For six students — R.P., L.S., R.Z., S.C., W.R., and K.T. — the relevant orders provide, in pertinent part, that the DOE is required to fund transportation "to and from iBRAIN," ECF No. 42-6, at 4 (L.S.), "to and from Student's home and iBRAIN," ECF No. 42-9, at 9 (S.C.); *accord* ECF No. 42-8, at 9 (R.Z.), or the functional equivalent, *see* ECF No. 42-5, at 1 (R.P.); ECF No. 42-14, at 7 (W.R.); ECF No. 42-16, at 4 (K.T.).[2] For the tenth student — O.C. — the Pendency Order included the "actually provided" language, ECF No. 42-11, at 6, but a later FOFD ordered the DOE to "directly fund cost of Student transportation to and from iBRAIN, as per the Transportation Agreement, rate $233.00," ECF No. 42-12, at 40.

## LEGAL STANDARDS

A party seeking review of an administrative decision under the IDEA usually does so by motion for summary judgment. *See Viola v. Arlington Cent. Sch. Dist.*, 414 F. Supp. 2d 366, 377 (S.D.N.Y. 2006). "[U]nlike in an ordinary summary judgment motion," however, "the existence of a disputed issue of material fact will not necessarily defeat the motion." *Bd. of Educ. v. C.M.*, No. 16-CV-3924 (VB), 2017 WL 2656253, at *7 (S.D.N.Y. June 20, 2017), *aff'd sub nom. Bd. of Educ. v. C.M. ex rel. P.G.*, 744 F. App'x 7 (2d Cir. 2018) (summary order). Instead, "summary judgment in the IDEA context functions as an appeal from an administrative decision." *Id.* (citing *T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009) (per curiam)); *see also M.W.*, 725 F.3d at 138-39 (noting that such motions form a "pragmatic procedural mechanism for reviewing administrative decisions" (internal quotation marks omitted)). The "inquiry is a results-based standard in many respects, concerned more with a just

---

[2]     Defendants mistakenly quote K.T.'s Pendency Order to read "to the extent that such transportation is actually provided." *Compare* ECF No. 42-16, at 4, *with* ECF No. 44 ("Defs.' Mem."), at 7.

5

outcome for a disabled student than with judicial efficiency." *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009).

In such cases, the Court conducts an "'independent' judicial review." *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 205 (1982)). This entails (1) reviewing the record of the administrative proceedings; (2) hearing additional evidence at the request of a party; and (3) granting such relief as the Court deems appropriate based on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C). Conducting an independent review, however, is not an "invitation ... to substitute" a court's "own notions of sound educational policy for those of the school authorities which [it] review[s]." *Rowley*, 458 U.S. at 206. The "district court must base its decision on the preponderance of the evidence," but it must also "give due weight to the administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *A.C. ex rel. M.C. v. Bd. of Educ.*, 553 F.3d 165, 171 (2d Cir. 2009) (cleaned up). Significantly, "[a] court may remand a proceeding when it needs further clarification or does not have sufficient guidance from the administrative agencies." *Hidalgo v. N.Y.C. Dep't of Educ.*, No. 20-CV-98 (JGK), 2021 WL 2827037, at *5 (S.D.N.Y. July 7, 2021).

## DISCUSSION

As noted, only two disputes remain. First, the parties disagree about whether K.T., who turned twenty-one in December 2021, is eligible for relief under the stay-put provision of the IDEA for the 2022-23 school year. *Compare* Pls.' Mem. 21-23, *with* ECF No. 44 ("Defs.' Mem."), at 22-25. Second, the parties dispute whether each Plaintiff is entitled to reimbursement for all transportation costs incurred pursuant to the contract with Sisters or whether

6

reimbursement is limited to services actually provided, subject to documentation. *Compare* Pls.' Mem. 14-20, *with* Defs.' Mem. 11-22. The Court will address each issue in turn.

### A. K.T.'s Eligibility for Pendency Services

The parties' dispute with respect to whether K.T. is too old to invoke the protections of the stay-put provision can be swiftly dispatched for a simple reason: It is not properly raised in this case. As relevant here, K.T.'s Pendency Order, dated August 23, 2022, required the DOE to fund "transportation to and from Student's home and the Private School" retroactive to July 6, 2022, when K.T.'s parent filed the DPC. ECF No. 42-16, at 4. The DOE did not appeal that Order and, thus, it became final. It follows that the DOE is obligated to implement it and may not avoid that obligation on the ground that K.T. has allegedly aged out. *See, e.g., LV v. N.Y.C. Dep't of Educ.*, No. 03-CV-9917 (LAP), 2021 WL 663718, at *5 (S.D.N.Y. Feb. 18, 2021) ("Orders that are not appealed . . . are 'final,' and DOE's *only* lawful course of action is to implement them."). To the extent that the DOE believed that K.T. was ineligible for stay-put services by virtue of his age, it was obligated to raise that argument in connection with the Pendency Order and to challenge any adverse ruling in court; having failed to do so, it may not raise the argument now to avoid compliance with the August 23, 2022 Pendency Order. *See id*. That (combined with the discussion below) is enough to decide this case with respect to K.T., as the only relief K.T.'s parent seeks in this case is implementation of that Order. *See* Compl. ¶¶ 8-9, 108-12.

Significantly, the parties' dispute with respect to whether K.T. has aged out may well be subject to judicial review. Just not in *this* case, and not in a way that affects the finality of the August 23, 2022 Pendency Order. In an FOFD issued on October 12, 2022, an IHO found that she lacked jurisdiction to consider K.T.'s parent's claims for the 2022-23 school year because

K.T. had aged out, and she therefore dismissed the DPC. *See* ECF No. 42-17, at 3. K.T.'s parent appealed that ruling to the SRO, who, on January 12, 2023, affirmed the ruling and, thus, held that K.T. "is not entitled to relief for any portion of the 2022-23 school year" beyond what he was "already entitled to" pursuant to the August 23, 2022 Pendency Order. *See* ECF No. 4-4, at 14, *Tobuck v. Banks*, 23-CV-1356 (LGS) (S.D.N.Y.). K.T.'s parent is challenging that decision in a separate proceeding (in which the parties' summary judgment motions appear to be fully submitted). *See* ECF Nos. 19-21, 27-30, *Tobuck v. Banks*, No. 23-CV-1356 (LGS) (S.D.N.Y.). That case will determine whether K.T. is entitled to relief under the IDEA (including under the stay-put provision) since the termination of the August 23, 2022 Pendency Order (or, more to the point, whether the Pendency Order was properly terminated). But whatever the outcome of that case, K.T. is entitled to full relief under the final, unappealed August 23, 2022 Pendency Order during the period in which it was in effect — in other words, until it was terminated by the rulings of the IHO and SRO on the ground that K.T. had aged out.[3]

## B. The Scope of DOE's Obligations to Reimburse Plaintiffs' Transportation Costs

The parties' other, broader dispute is over whether the DOE is obligated to reimburse Plaintiffs for the full contract price of their transportation costs with Sisters or only for services actually provided. In arguing that the DOE is on the hook for the full contract price, Plaintiffs variably invoke the IDEA itself, their contracts with Sisters, and the administrative orders in their cases, *see, e.g.*, Pls.' Mem. 11, 14-15, 17, but only the last items are relevant. The IDEA does

---

[3] The question of *when* K.T.'s Pendency Order terminated is dependent upon, if not bound up with, the question of *whether* it was properly terminated, which is the issue to be decided in *Tobuck v. Banks*, 23-CV-1356 (LGS). The Court presumes either that *Tobuck* will resolve the timing question or the parties can and will agree upon the dates, if applicable, after *Tobuck* is decided, but it will retain jurisdiction to resolve any disagreement upon letter-motion filed by either party within sixty days of entry of judgment in *Tobuck*.

not speak directly to what transportation costs, if any, the DOE is obligated to pay. And the DOE is not a party to each Plaintiff's contract with Sisters. Instead, the sole source of the DOE's reimbursement obligations in each Plaintiff's case is the applicable administrative order. *See Ventura de Paulino*, 959 F.3d at 532 (observing that the DOE's "legal responsibility to pay" arose from the final, unappealed administrative order); *see also, e.g.*, *Mendez v. Banks*, 65 F.4th 56, 61 (2d Cir. 2023) (determining DOE's obligations based on the underlying pendency orders); *L.K. v. N.Y.C. Dep't of Educ.*, 674 F. App'x 100, 101 (2d Cir. 2017) (same); *S.S. v. N.Y.C. Dep't of Educ.*, No. 20-CV-9394 (VSB), 2021 WL 3188323, at *1 (S.D.N.Y. July 28, 2021) (noting that "an unappealed administrative decision" establishes a student's pendency placement); *Araujo v. N.Y.C Dep't. of Educ.*, No. 20-CV-7032 (LGS), 2020 WL 5701828, at *4 (S.D.N.Y. Sept. 24, 2020) (denying funding for students who were not covered by "a valid pendency order or other documentation evidencing a right to pendency"). It follows that the existence and extent of the DOE's reimbursement obligations turn on the language of the applicable administrative order — in particular, on the most recent, operative order, also known as the "last pendency-setting event." *Araujo v. N.Y.C. Dep't of Educ.*, No. 20-CV-7032 (LGS), 2023 WL 5097982, at *5 (S.D.N.Y. Aug. 9, 2023).

In light of the foregoing, the parties' dispute is easily resolved as to four Plaintiffs — namely, the parents or guardians of M.G., A.L., S.H., and O.C. As noted above, for all four, the relevant order provides, in pertinent part, that the parent or guardian is to be reimbursed only for transportation services "actually provided." ECF No. 42-4, at 19 (M.G.); *accord* ECF No. 42-2, at 18 (A.L.); ECF No. 42-19, at 5 (S.H.); ECF No. 42-11, at 6.[4] It follows, as Judge Schofield

---

[4] In the cases of M.G. and A.L., the "actually provided" language does not appear in the Pendency Orders themselves. Instead, it appears in FOFDs, from which the Pendency Orders — issued later — were explicitly "derive[d]." *E.g.*, ECF No. 42-1, at 11 (stating that "pendency

9

recently held in nearly identical circumstances, that these Plaintiffs are entitled to reimbursement only for days that their children actually used transportation services and that the DOE is obligated to pay only if they provide "adequate documentation." *Araujo*, 2023 WL 5097982, at *5.[5] In arguing otherwise, Plaintiffs suggest that "services . . . actually provided" does not refer to "rides actually taken, but the contractual service that plaintiffs must pay for — an *available* ride, not necessarily a ride taken." Pls.' Mem. 17. But that interpretation strains the relevant language beyond its breaking point and renders the phrase "actually provided" superfluous. Nor does *Abrams v. New York City Department of Education*, No. 20-CV-5085 (JPO), 2022 WL 523455 (S.D.N.Y. Feb. 22, 2022), upon which Plaintiffs heavily rely, *see* Pls.' Mem. 12-13, 15-16, call for a different conclusion. The questions addressed in *Abrams* did not include the one presented here, *see* 2022 WL 523455, at *2 (listing the DOE's arguments), and "there the relevant IHO orders required Defendant to pay for all of the students' transportation services," *Araujo*, 2023 WL 5097982, at *4 (distinguishing *Abrams* in similar circumstances). Ultimately, as a matter of plain language, it is nonsensical to say that transportation services were "actually provided" to a student except if and to the extent that the student actually traveled to and from

---

derives from an unappealed Final Order in Case #210806," referring to A.L.'s FOFD); Pls.' 56.1 Counter-Stmt. ¶¶ 20, 25. Thus, it follows that the relief granted in their Pendency Orders is limited by the scope of the FOFDs. In O.C.'s case, a *subsequent* FOFD ordered the DOE to "directly fund cost of Student transportation to and from iBrain, as per the Transportation Agreement, rate $233.00." ECF No. 42-12, at 11, 40. It may well be that the DOE's obligations under that decision are broader than its obligations under the Pendency Order. But that is beyond the scope of this case, as O.C.'s guardian merely seeks to enforce the Pendency Order and not the subsequent FOFD. *See* Compl. ¶¶ 8-9, 20-24.

[5]   As Judge Schofield held, that "does not necessarily require formal attendance records, if neither iBRAIN nor Sisters indeed keeps such records. Affidavits from individuals who interacted with [the applicable student] may suffice" to establish the days on which the student "physically traveled to and/or from iBRAIN via an approved transportation service." *Araujo*, 2023 WL 5097982, at *5.

school using the services. Accordingly, the DOE is entitled to summary judgment on this issue as to the students M.G., A.L., S.H., and O.C.[6]

The issue is more complicated for R.P., L.S., R.Z., S.C., W.R., and K.T., whose applicable orders provide for reimbursement of transportation services "to and from iBRAIN" or the like. ECF No. 42-6, at 4 (L.S.); *accord* ECF No. 42-9, at 9 (S.C.); ECF No. 42-8, at 9 (R.Z.); ECF No. 42-5, at 1 (R.P.); ECF No. 42-14, at 7 (W.R.); ECF No. 42-16, at 4 (K.T.). Put simply, both sides proffer plausible interpretations of the relevant language. On the one hand, transportation services "to and from iBRAIN" could mean, as Plaintiffs argue, that the DOE is responsible for paying all costs they incurred under the contracts with Sisters. *See* Pls.' Mem. 14-16. After all, pursuant to the contracts, these costs were associated with transportation to and from iBRAIN — whether it was used or not. Alternatively, the phrase could mean, as the DOE argues, that the DOE's obligations are limited to days on which the student at issue used the transportation at issue. *See* Defs.' Mem. 12-17. After all, if a student does not go to and from school, it is hard to say that transportation services — let alone transportation services "to and from" the school — have been provided to that student. The language of the applicable orders alone does not afford a clear answer.

Nor does any of the case law on which the parties rely. Plaintiffs insist that the DOE's interpretation is "directly contradicted" by *Abrams* and *L.V.*, Pls.' Mem. 2, but that is not the case. The DOE's arguments in *Abrams* were limited to the parents' obligations under their

---

[6]     It is irrelevant that the DOE did not cross-move for summary judgment. *See, e.g.*, *N.Y. Marine & Gen. Ins. Co. v. Travelers Prop. Cas. Co. of Am.*, 632 F. Supp. 3d 303, 305 (S.D.N.Y. 2022) ("[A] court may grant summary judgment in favor of a non-moving party even without a formal cross-motion if (1) no genuine issue of material fact is in dispute; (2) the non-moving party is entitled to judgment as a matter of law; and (3) the moving party has had an adequate opportunity to come forward with all of its evidence." (internal quotation marks omitted)).

11

contracts with Sisters; indeed, the court explicitly noted that the DOE did not argue, as it does here, "that the Pendency Orders make payment of the services conditional on the services actually being rendered." 2022 WL 523455, at *4.  Meanwhile, *L.V.* did not involve transportation services at all.  Moreover, there was no dispute in *L.V.* about the meaning of the relevant orders or whether the DOE had complied with them; the question was whether changed circumstances could justify the DOE's admitted noncompliance.  *See* 2021 WL 663718, at *8.  Plaintiffs also contend that the DOE's arguments with respect to the "to and from iBRAIN" language at issue here were rejected by the Honorable Mary Kay Vyskocil in *Mendez v. Banks*, 22-CV-8397 (MKV), *see* Pls.' Mem. 19 n.12; ECF No. 46 ("Pls.' Reply"), at 1-2 & n.3, but they rely solely on remarks that she allegedly made at a routine status conference of which no record was made, *see* 22-CV-8397 (MKV), ECF Nos. 33, 62.  The Court is unwilling to rely on Plaintiffs' characterization of Judge Vyskocil's ruling — if a ruling was even made.

In these circumstances, the Court concludes that the proper course is to remand for "further clarification."  *Hidalgo*, 2021 WL 2827037, at *5; *cf. Subedi v. U.S. Dep't of Just.*, 223 F. App'x 56, 57 (2d Cir. 2007) (summary order) (remanding to an immigration judge "for clarification"); *Cohen v. FB Air, Inc.*, 995 F.2d 378, 379-80 (2d Cir. 1993) (observing that "remand for clarification is appropriate" where "the grounds for a district court's decision are unclear").  The IHOs are plainly in the best position to interpret their own orders and, to the extent the existing orders do not resolve the parties' dispute, further factfinding may be warranted.  For example, if the Sisters contracts are consistent with industry norms and Plaintiffs had no meaningful choice but to contract to pay for services without regard for whether students utilized the services, there may be a strong case for full DOE reimbursement.  *See* Pls.' Mem. 18-19.  On the flip side, the DOE raises legitimate concerns about waste, fraud, and abuse if

parents and providers believe *ex ante* that the DOE will pay no matter what. *See* Defs.' Mem. 18-19.[7] For example, payment for services "irrespective of whether they have been provided" could "incentivize providers . . . to intentionally inflate in their submissions to the DOE the estimated costs of their services and then act with indifference to the actual provision of services because DOE will pay regardless." *Id.* at 18. At present, the record is insufficiently developed to determine the relative strength of these concerns.

Accordingly, the Court remands the cases of R.P., L.S., R.Z., S.C., W.R., and K.T. (for the period during which K.T.'s August 23, 2022 Pendency Order was in effect) for further proceedings not inconsistent with this Opinion and Order.

## CONCLUSION

For the foregoing reasons, the Court holds that the DOE is obligated to implement K.T.'s August 23, 2022 Pendency Order (for the period during which it was in effect); that the DOE is obligated to reimburse the parents and guardians of M.G., A.L., S.H., and O.C. only for days that their children actually used transportation services and for which they provide "adequate documentation"; and that the cases of R.P., L.S., R.Z., S.C., W.R., and K.T. (for the period during which K.T.'s August 23, 2022 Pendency Order was in effect) are remanded for further proceedings not inconsistent with this Opinion and Order.[8] Given that these rulings resolve all

---

[7]     The DOE hints at the possibility of such waste, fraud, and abuse here, noting that Sisters's director is married to the founder of both iBRAIN and the law firm representing Plaintiffs and that Sisters is registered to that founder's home address. *See* Defs.' Mem. 19 n.8.

[8]     Upon reflection, the Court has grave doubts that joinder of Plaintiffs in this case was proper given that their claims turn on the individual circumstances of their cases and the particular language in their respective Pendency Orders. *See Green v. Beer*, No. 06-CV-4156 (KMW) (JCF), 2009 WL 3401256, at *6 (S.D.N.Y. Oct. 22, 2009) ("Rule 20(a)(1) permits the joinder of multiple plaintiffs if: (1) 'they assert any right to relief ... in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences' and (2) 'if any questions of law or fact common to all [plaintiffs] will arise in the action.'" (citing Fed. R. Civ.

of the parties' disputes, the DOE shall confer with Plaintiffs and, no later than **September 18, 2023**, file a proposed judgment consistent with the Court's decisions.

The Clerk of Court is directed to terminate ECF No. 36.

SO ORDERED.

Dated: September 11, 2023  
      New York, New York

                                                    JESSE M. FURMAN  
                                                  United States District Judge

---

P. 20(a)(1))). If Plaintiffs, following remand, seek judicial review together, they should be prepared to show cause why their cases should not be severed.