UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

YVONNE DAVIS, as Legal Guardian of O.C. and
Yvonne Davis, Individually, *et al.*,

              *Plaintiffs*,

-against-

DAVID C. BANKS, in his official capacity as
Chancellor of New York City Department of Education,
*et al.*,

              *Defendants*.

------------------------------------------------------------------ X

22-CV-8184 (JMF)

~~**PLAINTIFFS' PROPOSED**~~ **JUDGMENT**

      **WHEREAS,** Plaintiffs are ten parents or legal guardians of children with disabilities who obtained administrative orders under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.,* requiring the New York City Department of Education ("DOE") to pay for all or part of their private school tuition and associated costs, who commenced this action on September 27, 2022, to compel the DOE and affiliated Defendants (together, the "DOE") to provide funding, pursuant to "pendency orders" issued in the underlying administrative proceedings, for their children to attend the International Institute for the Brain (a private school commonly referred to as "iBRAIN") for the 2022–23 school year. *See* ECF No. 10 ("Compl.").

      **WHEREAS,** on January 17, 2023, the Plaintiffs filed a Motion for Summary Judgment [ECF No. 39]; on February 14, 2023, the Defendants filed their Opposition to the Plaintiffs' Motion for Summary Judgment [ECF No. 44]; and on February 22, 2023, the Plaintiffs filed their Reply to the Defendants' Opposition. [ECF No. 46].

      **WHEREAS,** only two discrete disputes remained for the Court to address in its Opinion and Order issued on September 11, 2023 [ECF No. 59], specifically: (1) whether Student K.T. is entitled to Pendency services for the 2022–23 school year despite turning twenty-one in December

2021; and (2) whether the DOE is obligated pursuant to the Pendency Orders in the Plaintiffs' underlying administrative proceedings to reimburse each Plaintiff for all transportation costs incurred pursuant to his or her contract with the transportation provider or only for services actually provided. [ECF No. 30].

**WHEREAS,** on September 11, 2023, the Court issued an Opinion and Order resolving the preceding disputes over (1) K.T.'s entitlement to Pendency services for the 2022–23 school year, and (2) the extent to which the DOE is obligated to reimburse each Plaintiff for transportation costs associated with their Pendency placement pursuant to their Pendency orders in their respective administrative proceedings. [ECF No. 30].

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that, for the reasons stated in the Court's Opinion and Order dated September 11, 2023, the DOE is obligated to implement K.T.'s August 23, 2022, Pendency Order and fund K.T.'s placement at iBRAIN, inclusive of related services and a 1:1 paraprofessional from July 6, 2022, through the period the Pendency Order was, or remains, in effect. As the question of when K.T.'s Pendency Order terminates or terminated is dependent upon, if not bound up with, the question of whether it was properly ended—which is the issue to be decided in *Tobuck v. Banks,* 23-CV-1356 (LGS)—the Court shall retain jurisdiction of this matter to resolve any disagreement upon letter-motion filed by either party within sixty days of entry of Judgment in *Tobuck*. Before filing any such motion, the parties shall meet and confer in an effort to reach an agreement concerning the termination date of K.T.'s Pendency.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that the DOE is obligated to reimburse the parents and guardians of M.G., A.L., S.H., and O.C. for transportation services only for days that their children actually used the transportation services and for which they

provide "adequate documentation". Adequate documentation does not require formal attendance records from the Students' school or otherwise but may include affidavits or other proof demonstrating that the Student requesting reimbursement physically traveled to and/or from their private school on the particular day for which payment/reimbursement is sought.[*]

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that the cases of R.P., L.S., R.Z., S.C., W.R., and K.T. (for the period during which K.T.'s August 23, 2022, Pendency Order is, or was in effect) regarding transportation funding to which the Plaintiffs are entitled, are remanded to the Impartial Hearing Officers assigned to each case for further proceedings not inconsistent with the Court's Opinion and Order. Each of the preceding Student's administrative orders provides for reimbursement of transportation services "to and from iBRAIN" or the like. ECF No. 42–6, at 4 (L.S.); *accord* ECF No. 42–9, at 9 (S.C.); ECF No. 42–8, at 9 (R.Z.); ECF No. 42–5, at 1 (R.P.); ECF No. 42–14, at 7 (W.R.); ECF No. 42–16, at 4 (K.T.).

The preceding cases are remanded to the IHOs to clarify whether their respective pendency Orders directed the DOE to fund transportation costs associated with each Student's Pendency Placement at iBRAIN per each Plaintiff's transportation agreement with their transportation provider—whether or not transportation was actually used by the respective Students on any given day; **or in the alternative,** whether they intended to limit the DOE's obligation to fund each Student's transportation costs, as part of their Pendency placement, to those days each respective Student actually used the transportation services to get to the school. To the extent that the existing Orders do not resolve the parties' dispute, conduct further factfinding as may be warranted.

Plaintiffs are to submit any motion for attorneys' fees, along with a Bill of Costs, within thirty days of the entry of the final Judgment.

---

[*] Plaintiffs' interpretation of the Court's summary judgment Opinion and Order is correct. Defendants have never disputed that Plaintiffs are entitled to *some* reimbursement for transportation costs; the question presented to, and decided by, the Court was whether Plaintiffs are entitled to full reimbursement or reimbursement, upon provision of adequate documentation, only for services actually used.  The fact that the Court sided with Defendants as to M.G., A.L., S.H., and O.C. does not relieve Defendants altogether of their obligations to provide reimbursement.

- 4 -

The Clerk of the Court is directed to enter Judgment as set forth above and close this case consistent herewith.

Dated: September  28 , 2023
      New York, New York

_____
Jesse M. Furman
United States District Judge